**Vernley CYR**

v.

**Arthur HURD and Carole Hurd.**

Supreme Judicial Court of Maine.

Argued Jan. 17, 1989.
Decided March 1, 1989.

Paul W. Chaiken, Brett D. Barber (orally), Rudman & Winchell, Bangor, for plaintiff.

John Woodcock (orally), Mitchell & Stearns, Bangor, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, HORNBY and COLLINS, JJ.

COLLINS, Justice.

In this negligence action plaintiff Vernley Cyr appeals from a judgment for defendants Arthur Hurd and Carole Hurd entered by the Superior Court (Penobscot County; *Beaulieu, J.*) pursuant to a special jury verdict. On appeal to this Court, Cyr urges that the Superior Court erred in (1) admitting results of blood alcohol tests administered on Cyr; (2) denying Cyr's Mo-

tion for a New Trial on the basis of a juror's previous contacts with defense counsel's firm; (3) instructing the jury on intoxication; (4) instructing the jury upon tendering to it a corrected verdict form; and (5) permitting a defense witness to testify to occasions on which Cyr reported to work intoxicated. We affirm the judgment of the Superior Court.[1]

In the early morning hours of April 28, 1983, Cyr sustained injuries rendering him a quadriplegic when he fell from an exterior staircase located on a building in Lincoln owned by the Hurds. The staircase served an apartment rented to Cyr's friend, Norman Ewing. Cyr had spent the evening of April 27, 1983, from approximately 8:30 p.m. to midnight, at the Chalet, a restaurant and bar located in Lincoln. He testified that during that time he consumed four to five drinks, including two or three Black Russians and two Black Velvet and Cokes, and participated in an arm wrestling match. After he left the Chalet, Cyr went to some friends' trailer where he remained for approximately one hour. The testimony is in dispute as to whether he had one more drink during that time. On his way home Cyr stopped to check on Ewing's apartment. Upon reaching the top of the exterior staircase, he "fumbled around in his pocket to get the key and just fell." Cyr was transferred by ambulance to Penobscot Valley Hospital where he was treated by Dr. Butterfield; and then immediately transferred again to Eastern Maine Medical Center ("EMMC") where he was treated by Drs. Ballesteros and Shubert.

Cyr initiated this action to recover damages for injuries allegedly sustained as a result of the Hurds' negligence in constructing and maintaining the staircase. In their answer the Hurds alleged that Cyr was comparatively negligent due to intoxication. After a seven-day jury trial, the jury returned a special verdict finding the Hurds negligent, Cyr negligent, and Cyr's

negligence equal to or greater than the Hurds' negligence. Cyr appeals from the Superior Court's judgment for the Hurds entered on this verdict.

## I.

■ During the trial, the Superior Court permitted Dr. Shubert of EMMC to testify from a portion of EMMC's records containing results of a blood alcohol test conducted on Cyr that "the result was 144 and greater than 100 is indicative of an intoxicated state." Later in the trial, during the Hurds' direct examination of Cyr, the court admitted EMMC's records into evidence.

Hospital records are admissible under 16 M.R.S.A. § 357 (1983) which provides in relevant part as follows:

Records kept by hospitals and other medical facilities licensed under the laws of this State ... shall be admissible, as evidence in the courts of this State so far as such records relate to the treatment and medical history of such cases and the court shall admit copies of such records, if certified by the persons in custody thereof to be true and complete, but nothing therein contained shall be admissible as evidence which has reference to the question of liability....

The statute in effect provides an exception to the hearsay rule, allowing hospital records to be admitted to prove the truth of the facts contained therein, in so far as those facts pertain to treatment and medical history. In the present case, Dr. Shubert of EMMC testified that blood alcohol level was one of the conditions in a patient's medical history significant to Dr. Shubert for medical diagnosis and treatment. Thus, the records were properly admitted pursuant to section 357.

■ Cyr contends that the records, inadmissible on the question of liability, should have been excluded pursuant to Maine Rule of Evidence 403 [2] because a jury is unable

---

1. The Hurds have raised eight issues on "cross-appeal." Because we affirm the Superior Court's judgment, we do not reach the merits of those issues.

2. M.R.Evid. 403 provides as follows:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

to confine its consideration of the results to the issue of treatment and diagnosis and thus their prejudicial effect outweighs its probative value. We are unable to accept this argument in light of the plethora of other properly admitted evidence on the issue of Cyr's intoxication on the morning of the accident. Both Cyr and his friends testified that he had been drinking; an ambulance attendant testified that Cyr told her that he had had "quite a bit" and that she could smell liquor on his breath; Dr. Butterfield at Penobscot Valley Hospital testified that he thought Cyr was moderately to heavily intoxicated given his speech, behavior, and responses on the morning of April 28, 1983; and Dr. Ballesteros testified that Cyr said that he had been drinking and that he could smell alcohol on Cyr's breath. Finally, the court instructed the jury to consider the records only on the issues of treatment and medical history and not for purposes of liability.

## II.

Cyr next contends that the Superior Court erred in permitting the Hurds' witness Edwin Hamm[3] to testify to occasions on which Cyr reported to work intoxicated. We disagree. Cyr testified on direct examination concerning the circumstances surrounding his termination from Lincoln Pulp and Paper. Thus, the Hurds were properly permitted to explore the same subject matter through their own witness. In addition, Mr. Hamm's testimony

is relevant to the issue of damages as Cyr's past work experiences affect his potential future earnings. Finally, we are unable to conclude that the prejudicial effect of Mr. Hamm's testimony substantially outweighs its probative value pursuant to Maine Rule of Evidence 403. As we have often stated, prejudice pursuant to Rule 403 refers to "an undue tendency to move the tribunal to decide on an improper basis, commonly, though not always, an emotional one." *Jucius v. Estate of O'Kane*, 511 A.2d 1053, 1055 (Me.1986); *State v. Forbes*, 445 A.2d 8, 12 (Me.1982); *State v. Hurd*, 360 A.2d 525, 527 n. 5 (Me.1976). In the present case, given the other evidence of Cyr's intoxication and the severity of his injuries, it is unlikely that the fact that Cyr reported to work intoxicated on two occasions moved the jury to find him negligent on the night of the accident.

We find that Cyr's other issues are without merit and thus that they do not warrant discussion here.

The entry is: Judgment affirmed.

All concurring.

---

**3.** Edwin Hamm was the personnel manager at Lincoln Pulp and Paper Company when Cyr was employed there. Cyr was fired approximately seven months before the accident.